UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERROD CORLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:22-cv-00250-SRC |
| | ) |
| PAUL BLAIR, | ) |
| | ) |
| Respondent. | ) |

**Memorandum and Order**

Petitioner Jerrod Corley, proceeding pro se, seeks to have his sentence vacated under 28 U.S.C. § 2254. Corley asserts four ineffective-assistance claims against trial counsel: 1) counsel advised Corley not to testify at trial, 2) counsel allegedly failed to investigate potential witnesses, 3) counsel allegedly failed to investigate one of Corley's codefendants, and 4) counsel did not request a mistrial after a juror hesitated when the judge polled the jury. Additionally, Corley says that appellate counsel failed to argue that the State presented insufficient evidence to convict Corley. The Missouri Court of Appeals rejected these arguments on postconviction review, and the Court finds that the Missouri Court of Appeals' holdings did not contradict or unreasonably apply Supreme Court precedent and that the state court adjudicated the facts reasonably. Accordingly, § 2254(d) does not entitle Corley to relief.

**I.   Statement of facts**

The Missouri Court of Appeals summarized the relevant facts as follows:

The following facts adduced at trial are presented in the light most favorable to the verdict. In the underlying incident, Corley was driving a stolen vehicle on Interstate 270[,] while his three passengers (collectively, "Co-defendants") shot four victims, killing one (collectively, "Victims"). Co-defendant John Stith ("Stith") initially sat in the driver's seat of the stolen vehicle but switched places with Corley who then

> drove. Trial testimony indicated Corley maneuvered the vehicle alongside Victims' Jeep so that Co-defendants could fire on Victims, and that Corley knew Co-defendants planned to shoot the targeted victim, who was believed to have been involved in the death of one of the Co-defendant's cousins. During the incident, Co-defendants Stith and Tony Bailey ("Bailey") fired weapons at Victims. Bailey testified that earlier in the evening, he had a .380 caliber gun, Leroy Coleman ("Coleman") had a nine-millimeter gun, and Stith had a .40 caliber gun. Bailey testified that he placed the guns in Jamie McCloud's ("McCloud") truck prior to the shooting. Bailey also testified that he and Stith shot Victims, specifically noting that he fired the nine-millimeter gun and Stith fired the .40 caliber gun. Trial evidence further showed that as he drove away[,] Corley said that it appeared the intended victim had been hit. When the stolen vehicle was recovered, evidence of Corley's DNA was found on the key fob and interior door handle.
>
> The State charged Corley under accomplice-liability theory with murder in the first degree, three counts of assault in the first degree, five counts of armed criminal action, and unlawful use of a weapon. The State tried Corley jointly with Coleman. At trial, Corley did not testify in his own defense. The trial court asked Corley if he understood his right to testify and if his decision not to testify was his own free and voluntary decision. Corley answered that he understood and was choosing to waive his right to testify.
>
> When the jury returned to render its verdicts and was individually polled, one juror ("Juror") stated she needed a moment, which the trial court gave her. Juror took approximately four minutes to render her verdicts, ultimately confirming that the guilty verdicts were unanimous. Co-defendant Coleman sought a mistrial on the basis of the Juror's apparent reluctance to acknowledge the guilty verdicts and whether it meant the verdicts were not unanimous. The trial court declined to grant a mistrial.
>
> The trial court sentenced Corley to life imprisonment without the possibility of probation or parole for first-degree murder and concurrent sentences of life imprisonment and fifteen years on the other charges. Corley directly appealed his guilty verdicts. Appellate counsel did not challenge the sufficiency of the evidence for accomplice liability on direct appeal. This Court affirmed Corley's judgment and sentence in *State v. Corley*, 563 S.W.3d. 855 (Mo. App. E.D. 2018).
>
> Subsequently, Corley moved for post-conviction relief under Rule 29.15.

Doc. 13-10 at pp. 4–6.  Both the postconviction motion court and the Missouri Court of Appeals denied Corley's requests for postconviction relief.  *Id.*  Corley now requests relief from this Court.  Doc. 1.

2

**II.     Standard of review**

Section 28 U.S.C. § 2254 creates the statutory basis for habeas petitions from state-court convictions.  A state prisoner who seeks relief under § 2254 must prove that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  To obtain relief under § 2254, a petitioner must establish that the state court proceedings:

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

To warrant relief, a state court's decision must be "more than incorrect or erroneous," but "must be objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  A petitioner must also show that equitable considerations favor relief.  "[E]ven a petitioner who prevails under AEDPA must still today persuade a federal habeas court that 'law and justice require' relief." *Brown v. Davenport*, 142 S. Ct. 1510, 1524 (2022) (citations omitted); *see also* 28 U.S.C.A. § 2243 ("A court, justice, or judge entertaining an application for a writ of habeas corpus . . . shall summarily hear and determine the facts, and dispose of the matter as law and justice require.").  Historically, "the States' 'powerful and legitimate interest in punishing the guilty,'" stands as the most important of these equitable considerations.  *Id.* at 1523; *see also Crawford v. Cain*, 55 F.4th 981, 994 (5th Cir. 2023) ("Law and justice do not require habeas relief—and hence a federal court can exercise its discretion not to grant it—when the prisoner is factually guilty.").

In each ground for relief, Corley alleges ineffective assistance of counsel.  To succeed on an ineffective-assistance-of-counsel claim, a petitioner must demonstrate that "counsel's

3

performance was deficient" and that "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). Counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. For federal courts reviewing state proceedings, "the pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Id.* To grant relief, a federal habeas court cannot simply disagree with a state court but must find the state court's adjudication objectively unreasonable. *Lockyer*, 538 U.S. at 75. Review is thus "doubly deferential," requiring a "highly deferential look at counsel's performance through deferential lens of § 2254(d)." *Cullen*, 563 U.S. 170, 190 (2011) (internal quotations omitted).

To prevail on *Strickland*'s performance prong, a petitioner must overcome the "'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance" and must establish that counsel's performance "amounted to incompetence." *Harrington*, 562 U.S. at 104–05 (quoting *Strickland*, 466 U.S. at 688–89). Further, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S at 690–91.

To prevail on *Strickland*'s prejudice prong, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. For a petitioner to succeed on the prejudice prong, counsel's errors

4

must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. "[T]he difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters only in the rarest case." *Dorsey v. Vandergriff*, 30 F.4th 752, 757 (8th Cir. 2022) (quoting *Harrington*, 562 U.S. at 111–12 (citation omitted)).

### III. Discussion

#### A. Ground One: Ineffective assistance for advising petitioner not to testify

In his first ground for relief, Corley says that his counsel rendered him ineffective assistance by advising him not to testify on his own behalf. Doc. 1 at p. 5. Corley claims his counsel stated Corley was "winning at trial and his testimony was unnecessary" and but for this advice "the outcome of his trial would have been different." Doc. 1 at p. 5. However, his argument fails.

The Missouri Court of Appeals denied this claim, holding that trial counsel advised Corley reasonably and "the record conclusively refutes Corley's claim that counsel was ineffective for advising him not to testify at trial." Doc. 13-10 at p. 7. First, the Missouri Court of Appeals noted that Corley knowingly and voluntarily decided not to take the stand. *Id.* at p. 8. Because Corley made this decision himself, he cannot demonstrate that prejudice resulted from his attorney's conduct. *Id.* Second, Corley's own briefing states that counsel gave "*strategic* advice against taking the stand." *Id.* (emphasis added). Third, "given that Corley was not disputing that he was driving the vehicle during the shooting and ample testimony at trial refuted his claim that he was unaware Co-defendants intended to shoot at Victims, Corley fails to overcome the presumption that trial counsel's strategy was reasonable." *Id.* So, the Missouri Court of Appeals rejected Corley's argument.

5

To this, Corley gives nothing beyond a conclusory argument that he should have taken the stand, his attorney advised him not to, and his trial ended in conviction. Doc. 1 at p. 5. His argument does not show that the Missouri Court of Appeals contradicted or misapplied Supreme Court precedent or that it unreasonably adjudicated the facts. *See* § 2254(d). The state court's three reasons for rejecting Corley's argument stand. First, Corley offers no reason to think that, but for his attorney's advice, he was reasonably likely to testify. *See* Doc. 1 at p. 5; Doc. 13-7 at pp. 23–32. Without this, he cannot demonstrate prejudice. Second, counsel made a strategic decision, meriting a high level of deference. *Strickland*, 466 U.S. at 690. Third, because Corley's testimony would not have undermined the State's case and would have resulted in his impeachment, counsel had good reason to advise Corley not to testify. The Court deems reasonable the Missouri Court of Appeals' adjudication of the issue. *See* § 2254(d).

Further, Corley has not convinced the Court that law and justice require habeas relief. *See* § 2243. Corley's argument does not subvert the reliability of the jury's deliberations or the Missouri criminal justice system. The jury found that Corley acted as an accomplice to murder under Missouri law, and this Court sees no reason why the federal government should "intrude[] on state sovereignty" by granting habeas to a guilty party. *Davenport*, 142 S. Ct. at 1523. Thus, the equities do not weigh in favor of relief. The Court denies ground one.

**B.     Ground Two:  Ineffective assistance of trial counsel for failing to investigate potential witnesses**

In his second claim, Corley states counsel unreasonably failed to "investigate and subpoena material witnesses Ms. Jamie (Thorpe) McCloud and Ms. Daisha Houston. According to Corley's Argument to the Missouri Court of Appeals:

> Ms. McCloud and Ms. Houston would have testified that on the night of February 21, 2016, before the shooting that resulted in Emma Wallace's death, Mr. Tony

6

> Bailey placed his guns, a .40 caliber and a .380 caliber, in Ms. McCloud's vehicle for safe keeping before he entered Jay's Classic Bar and Grill []. This testimony was necessary to impeach Mr. Bailey's testimony that he never possessed a .40 caliber weapon but John Stith did, and he only had a .380 caliber weapon and was handed a .9mm [sic] weapon that he used to fire shots. . . . Specifically, had the jury heard testimony from Ms. McCloud and Ms. Houston, it may have disbelieved Mr. Bailey's trial testimony that he fired a .9mm [sic] weapon from the front passenger seat of the car, and instead, believed he fired the .40 caliber gun.

Doc. 13-7 at pp. 36–37. At trial, Bailey said that he and his compatriots stole a car and found three guns inside: a 9mm, a .380 caliber, and a .40 caliber. Doc. 13-1 at p. 805. Bailey, Stith, and Coleman divided the guns among themselves, Bailey taking the .380 caliber. *Id.* at p. 806. Bailey says they placed the guns in a car and then retrieved them before the shooting. *Id.* at p. 806. Corley did not explain to the Missouri Court of Appeals where the conflict lies between Houston and McCloud's statements and Bailey's own account of these events. *Id.* at pp. 33–39. Further, Corley did not explain how this supposed conflict bears any relation to his conviction. *Id.*

The Missouri Court of Appeals rejected this argument:

> The record at trial unambiguously shows that McCloud and Houston's testimonies would have been merely cumulative to Bailey's own testimony that he put the .40 and .380 caliber guns in McCloud's truck prior to the shooting. . . . Moreover, McCloud and Houston's testimonies could not have impeached Bailey's account of what happened during the shooting incident because neither witness was present at the scene, and their testimonies would not have offered the jury any evidence bearing on Corley's role in the shooting incident. . . . Corley fails to explain how disagreement about whether Bailey or Stith fired which gun has any impact on Corley's guilt under accomplice-liability theory as the driver of the vehicle from which Co-defendants shot Victims.

Doc. 13-10 at pp. 10–11.

The Court finds this adjudication of the facts reasonable. Even if the jury took McCloud and Houston's testimony to prove that Bailey used a 9mm weapon rather than a .40 caliber—and the Court cannot see how their testimony could prove this—the question

7

of which gun Bailey used has no relation to Corley's guilt. Because this testimony could not have contributed to Corley's defense, his counsel's decision not to present this testimony cannot qualify as unreasonable or incompetent. *Harrington*, 562 U.S. at 105.

Additionally, Corley has not shown that law and justice favor habeas relief. *See* § 2243. Law and justice counsel in favor of habeas relief where the petitioner is innocent. *See Crawford*, 55 F.4th at 994. Whether Bailey fired a 9mm weapon or a .40 caliber weapon makes no difference to whether Corley drove the car to assist Bailey and Stith commit murder. Thus, the equities do not weigh in favor of relief. The Court denies ground two.

**C.     Ground Three:  Ineffective assistance of trial counsel for failing to investigate codefendant**

In his third claim for relief, Corley asserts trial counsel unreasonably "fail[ed] to interview, properly investigate and subpoena codefendant John Stith." Doc. 1 at p. 8. The Missouri Court of Appeals found that Corley failed "to show that Stith's potential impeachment of portions of other witness testimony would have provided Corley with a viable defense." Doc. 13-10 at p. 11. The decision not to call codefendants is a matter of trial strategy, which is "'virtually unchallengeable' even if that decision later proves unwise." *Battle v. Delo*, 19 F.3d 1547, 1556 (8th Cir. 1994) (quoting *Strickland*, 466 U.S. at 690) (collecting cases). Even if trial counsel's decision not to call a codefendant to testify falls below the standard for reasonable performance, a petitioner must demonstrate that this decision prejudiced his or her trial. *Id*. If "the record is replete with evidence that [the petitioner] was involved in the crime" and a codefendant's testimony would not clearly negate this evidence, a petitioner cannot show counsel's decision unfairly prejudiced his or her trial. *Id*.

The Missouri Court of Appeals found that the record was replete with evidence of Corley's guilt:

> [E]ven if Stith's testimony would have impeached Bailey's testimony that Corley specifically said he would drive the car in a way to allow Bailey to shoot Victims, Corley still would not have a viable defense to any of the elements supporting the charged offenses under accomplice-liability theory. *See id.* As the motion court noted, the overall strength of the testimony adduced at trial aptly demonstrated Corley's role in driving the vehicle from which the shooting occurred, showing he drove it in a manner that brought it alongside the Victim's Jeep and enabled Co-defendants to shoot victims, and he commended upon driving away that the intended victim had been hit.

Doc. 13-10 at p. 11. This analysis demonstrates that the Missouri Court of Appeals reasonably concluded that counsel's decision not to call Stith did not prejudice Corley. The Court defers to this reasonable finding of fact. *See* § 2254(d).

Again, law and justice do not favor relief. *See* § 2243. Because Corley cannot support an argument for his actual innocence, and Corley is factually guilty, hence law and justice do not require habeas relief. *Crawford*, 55 F.4th at 994. So, Corley satisfies neither § 2254(d) nor § 2243, and the Court denies ground three.

### D. Ground Four: Ineffective assistance of trial counsel for failing to request a mistrial

Corley's fourth claim asserts that trial counsel incompetently failed to request a mistrial after a juror hesitated in stating her decision when the judge polled the jury. Doc. 1 at p. 9. The Missouri Court of Appeals held that such a request would have been denied, noting that the trial court denied the same request from one of Corley's codefendants. Doc. 13-10 at p. 13. Thus, Corley suffered no prejudice. *Id.* Turning to the performance prong of *Strickland*, the Missouri Court of Appeals found that counsel reasonably chose not to make a request identical to the request the trial court had just denied. *Id.*

9

The Missouri Court of Appeals reasonably determined that a request for a mistrial could not have succeeded and that counsel knew this.  *Id.*  Further, the state court did not contradict or unreasonably apply Supreme Court precedent when it judged that counsel reasonably decided not to make a meritless request.  *See Sittner v. Bowersox*, 969 F.3d 846, 853 (8th Cir. 2020) ("Failure to raise a meritless objection cannot support a claim of ineffective assistance.").  Pursuant to § 2254(d), this Court must accept the Missouri Court of Appeals' reasonable adjudication of this claim.

As with Corley's previous arguments, law and justice do not support relief.  *See* § 2243.  Corley does not impugn the reliability of the jury's guilty verdict.  *See Crawford*, 55 F.4th at 994.  The Court denies ground four.

E.  **Ground Five:  Ineffective assistance of appellate counsel**

In his fifth and final ground for relief, Corley claims that appellate counsel unreasonably failed to argue that the State presented "insufficient evidence from which a reasonable juror could find he acted with others to commit the charged crimes."  Doc. 1 at p. 9.  The Missouri Court of Appeals dismissed this claim, finding Corley's argument "is merely conclusory and fails to offer any argument or legal authority to support his claim."  Doc. 13 at p. 40.

Because Corley presented only a conclusory argument, *see* Doc. 13-7 at p. 59, the Missouri Court of Appeals had no reason to find that Corley's appellate counsel gave up a key argument for the defense. According to the United States Supreme Court:  "Effective appellate counsel should not raise every nonfrivolous argument on appeal, but rather only those arguments most likely to succeed.  Declining to raise a claim on appeal, therefore, is not deficient performance unless that claim was plainly stronger than those actually presented to the appellate court."  *Davila v. Davis*, 584 U.S. 521, 533 (2017) (internal citations omitted).

10

Reviewing, Corley's argument to the Missouri Court of Appeals, the Court agrees that Corley offered no argument or authority to support the notion that counsel performed deficiently or that the evidence against Corley had too little substance to persuade a reasonable juror. *See* Doc. 13-7 at pp. 54–60. Since Corley could not articulate an argument to the Missouri Court of Appeals in support of this ground for relief, the state court had no reason to find that this argument presented a plainly stronger claim than the case actually presented on appellate review. *See Davila*, 584 U.S. at 533. Therefore, the Missouri Court of Appeals did not contradict or unreasonably apply federal law and did not unreasonably adjudicate the facts. § 2254(d). Further, for the same reasons Corley's previous arguments failed to show that law and justice require habeas relief, this ground for relief also fails. *See* § 2243. The Court denies ground five.

### F.   Certificate of appealability

The Court finds that Corley has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253. Therefore, the Court does not issue a certificate of appealability as to any of Corley's claims in his § 2254 petition.

## IV.   Conclusion

The Court denies Corley's Petition under 28 U.S.C. § 2254 for a writ of habeas corpus and dismisses the Petition with prejudice. The Court does not issue a certificate of appealability.

So Ordered this 29th day of June 2023.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE